IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV267-1-MU

| | |
|---|---|
| CALVIN WILSON, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| LEWIS SMITH, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition for a Writ of Habeas Corpus, filed June 12, 2008. For the reasons set forth below, this Court has concluded that Petitioner's federal habeas petition is untimely and should be dismissed on that basis.

According to the information filed by Petitioner, he was convicted after a trial by jury of First Degree Murder in Mecklenburg County Superior Court. On July 28, 1992, Petitioner was sentenced to life imprisonment. Petitioner directly appealed his sentence and conviction and the North Carolina Supreme Court affirmed his sentence and conviction on December 3, 1993. On or about June 24, 2005, Petitioner filed a Motion for Appropriate Relief (MAR) in the Superior Court of Mecklenburg County which was denied on August 30, 2005. On or about October 13, 2005, the North Carolina Court of Appeals denied Petitioner's Petition for Writ of Certiorari. On or about April 26, 2006, the North Carolina Supreme Court denied Petitioner's Petition for Discretionary Review. The North Carolina Supreme Court also denied a Petition for Writ of Certiorari and/or Other Available Relief Pursuant to the All Writs Act on May 3, 2007, and an

Amended Petition for Writ of Certiorari and/or Other Available Relief Pursuant to the All Writs Act on December 6, 2007. On June 12, 2008, Petitioner filed the instant federal habeas petition with this Court.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. The AEDPA amended § 2254 to include a one-year limitation on the filing of a motion. 28 U.S.C. § 2244(d)(1). Under AEDPA a petitioner must file a § 2254 motion within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Prisoner's whose convictions became final any time prior to the effective date of AEDPA had until April 24, 1997, to file their § 2254 motions. See Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998)(discussing AEDPA's grace period). The one-year limitation period, however, is tolled for the period during which a properly filed state post-conviction action is pending. 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final in December 1993 prior to the effective date of AEDPA. He therefore had until April 24, 1997, to timely file a federal habeas petition. See 28 U.S.C. § 2244(d)(1)(A). Petitioner, however, did not file his federal habeas petition until 2008 – well after this date. In anticipation of a finding that his petition is untimely, Petitioner presents three reasons why AEDPA's time limitation should not bar his petition.[1]

---

[1] In Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the United States Court of Appeals for the Fourth Circuit concluded that "when a federal habeas court, prior to trial, perceives a pro-se § 2254 petition to be untimely and the state has not yet filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal . . . absent a sufficient explanation . . . ." The Fourth Circuit premised its holding on Hill on the fact that a pro se petitioner is unlikely "to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely." Id. at 707. In the instant case, the motion to

First, Petitioner argues that his petition should not be barred by AEDPA's limitation period because he did not have counsel to assist him with post-conviction motions. When considering equitable tolling arguments a court must be mindful that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Consequently, equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Equitable tolling is appropriate when, but only when, "extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. Petitioner's contention that he did not have counsel to assist him does not support a finding that his limitation period should be tolled. The fact that an inmate has no access to counsel does not operate to equitably toll the limitation period under AEDPA. See Mackall v. Angelone, 131 F.3d 442 (4th Cir. 1998)(no right to counsel in post-conviction proceeding). Likewise, ignorance of the law is not sufficient to establish that AEDPA's limitation period is not a basis for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(ignorance of law by a pro se prisoner is not a basis for equitable tolling). Consequently, Petitioner has not established that his limitation period should be equitably tolled on this basis.

---

vacate form set forth AEDPA's limitation period and asked Petitioner to state why the limitation period did not bar his petition. Petitioner provided an argument as to why his petition should be considered timely filed. Accordingly, given the fact that Petitioner had the opportunity to address the timeliness of his petition -- albeit unsuccessfully -- the Court concludes that it need not provide Petitioner with any additional opportunities to address such matters.

Second, Petitioner argues that his federal habeas petition should not be barred by AEDPA's limitation period because he is innocent of the murder for which he was convicted. This Court is unaware of any precedent by the United States Court of Appeals for the Fourth Circuit or the Supreme Court ruling on whether actual innocence is grounds for equitable tolling under AEDPA. However, because Petitioner fails to establish that he is actually innocent, this Court need not decide that issue.

Establishing a claim of actual innocence requires a showing that there is new evidence, not present in the trial, that makes it more likely than not that no reasonable juror would have convicted the petitioner. See Schlup v. Delo, 513 U.S. 298, 324, 327-28 (1995). A petitioner must support his actual innocence claim with "new, reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Id at 324. To succeed on an actual innocence claim a petitioner must show factual innocence, not simply legal insufficiency of evidence to support a conviction. See Bousley v. United States, 523 U.S. 614, 623 (1998). The Supreme Court has cautioned that credible claims of actual innocence are "extremely rare." See Schlup, 513 U.S. at 321.

Petitioner bases his claim of actual innocence upon his assertion that an eyewitness perjured himself on the stand by stating that he had not made a deal with the prosecution for a reduced sentence when in fact such a deal existed. Such a claim is insufficient to establish that he is actually innocent. That is, Petitioner's assertion about a deal for testimony in and of itself, even if true, does not establish that he was innocent. Indeed, Petitioner does not sufficiently address the other evidence, including the testimony of another eyewitness,[2] establishing his guilt.

---

[2] Indeed, there was at least one other eyewitness who testified that Petitioner shot the victim.

Moreover, while it is true that one of the eyewitnesses at Petitioner's trial was the recipient of a Rule 35 motion in a federal case based upon his testimony in Petitioner's trial, such a fact does not directly support a conclusion that Petitioner is actually innocent of murder. Such facts do not even necessarily support a conclusion that the eyewitness perjured himself in stating that no one had promised him a sentence reduction for testifying.[3] Petitioner does not meet his burden to establish his innocence. His allegations are insufficient to support a conclusion that he was actually innocent of the murder for which he was convicted.

Third, Petitioner asserts that his federal habeas petition should not be considered untimely because he is presenting "partial evidence that couldn't be obtained, and/or discovered even applying 'due diligence' provisions due to the secrecy and the unreasonable excuse." It is not clear to the Court precisely what "evidence" Petitioner has recently discovered. Petitioner makes references to sealed documents and unobtainable transcripts[4] but does not detail his attempt to discover this evidence or state how precisely this evidence would lead this Court to conclude that no reasonable juror could convict him. Moreover, Petitioner's alleged inability to obtain transcripts does not render his federal habeas petition timely. A petitioner's limitation period is not tolled so as to allow him to gather every piece of evidence that would conceivably support his claim. Finally, the Court notes that Petitioner admits that the factual basis for his

---

[3] No promise of leniency is made in exchange for specific testimony. Rather, a plea agreement sets forth that in the sole discretion of the Government a determination will be made as to whether a defendant provided substantial assistance. Testimony derived through plea agreements is common at trials.

[4] Petitioner references his inability to obtain a copy of the eyewitness' July 16, 1991, sentencing transcript. This Court cannot discern why such transcript would help to establish Petitioner's actual innocence.

claims concerning the eyewitness[5] were known to Petitioner before his limitation period expired.

      **IT IS, THEREFORE, ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely.

Signed: June 19, 2008

Graham C. Mullen
United States District Judge

---

[5] Petitioner admits in his MAR that he knew of the alleged conflict of interest during his trial. (Doc. 1-3 at p. 6.) Petitioner also admits in his MAR that he knew of the Rule 35 motion received by the eyewitness four months after his conviction. (Doc. 1-3 at p. 4.)